# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BARBARA JEAN SWITZER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-0978-DGK-SSA |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Barbara Switzer's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disk disease, depression, anxiety disorder, migraine headaches, diabetes mellitus, fibromyalgia, peripheral neuropathy, and obesity, but she retained the residual functional capacity ("RFC") to work as an office helper, folding machine operator, and mail clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for disability insurance benefits on October 18, 2016, and for SSI on February 7, 2017, alleging a disability onset date of December 31, 2012. The

Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ.

The ALJ held a hearing and, on May 31, 2018, issued a decision finding Plaintiff was not disabled. In the decision, the ALJ noted that Plaintiff had previously applied for, and been denied, benefits effective July 21, 2014, and January 15, 2015, and declined to reopen those prior determinations. Thus, the earliest date Plaintiff could be found disabled is January 16, 2015. Plaintiff's insured status for disability insurance benefits expired on December 31, 2017.

Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill,* 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four in determining her RFC and did not carry his burden at Step Five of showing there were other jobs in the economy she could perform.

**I.    The ALJ did not err in determining Plaintiff's RFC.**

Plaintiff argues the RFC determination concerning her physical impairments is legally flawed, and the determination regarding both her physical and mental impairments is unsupported by substantial evidence. These arguments are unavailing.

Plaintiff contends the ALJ erred as a matter of law by assessing her exertional level first and not assessing her RFC on a function-by-function basis. An ALJ's decision is not defective because the ALJ assessed Plaintiff's exertional level before the ALJ's discussion of the evidence supporting that finding. *See*, *e.g.*, *Benckeser v. Berryhill*, No. 4:17-cCV-00559-DGK, 2018 WL 3474086, at *4 (W.D. Mo. July 19, 2018) (rejecting Plaintiff's argument).

She also contends the ALJ erred in fashioning her physical RFC by ignoring, or failing to account for, multiple impairments such as her obesity, headaches, and knee and hip problems. The record indicates otherwise. The ALJ specifically discussed Plaintiff's obesity and acknowledged

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

that it affected her ability to function. R. at 24. The ALJ also wrote, "[T]he undersigned has, in combination with her other impairments, considered the claimant's weight, including its impact on her ability to ambulate, within the functional capacity assessment in this decision (SSR 02-1p)." R. at 24. The allegations concerning her headaches are similarly without merit. The ALJ observed her migraines and related sinus pain were "stable with reduced frequency with prescribed preventative medication." R. at 24. Finally, although the ALJ did not use the words "knee and hip problems," he discussed Plaintiff's gait and ability to ambulate, noting that during the relevant period she had a normal gait and full range of motion in her extremities with no swelling. R. at 24. These findings are supported by the record. R. at 830, 837, 844, 850, 857, 888, 910, 916, 923, 931, 1047, 1060, 1073.

Plaintiff's argument that the ALJ's mental RFC is unsupported by substantial evidence is likewise unavailing. Plaintiff contends the ALJ erred by not including limitations recommended by Dr. Steven Akeson, Psy. D., a state agency reviewing psychologist, that she needed to avoid very close interaction with others in the workplace because she was moderately limited in her ability to work in coordination with, or in proximity to, others without being distracted by them. But the ALJ did, in fact, include limitations in the RFC to account for her difficulties in social functioning: the ALJ limited her to occasional interaction with coworkers, supervisors, and the public. R. at 23. This limitation was sufficient because while the ALJ gave his opinion "great" weight, that did not mean the ALJ adopted it in its totality, or was required to adopt it in its totality. *See Brewington v. Colvin*, No. 13-0339-CV-W-ODS, 2014 WL988808, at *1 (W.D. Mo. Mar. 13, 2014) (noting that giving a doctor's opinion "great weight" does not mean "controlling weight."). Further, the ALJ did not err by giving Dr. Akeson's opinion more weight than the opinion of her treating psychiatrist, Dr. Sayed Karim, because he explained why he gave Dr. Karim's little weight, R. at 25, and these reasons are supported by the record. For example, Karim opined that Plaintiff had marked limitation in her ability to travel to unfamiliar places or use public

4

transportation, but she traveled out of state several times and spent three weeks in North Carolina during the relevant period. R. at 1238, 846, 912. Since Eighth Circuit caselaw holds that opinions from state agency medical and psychological consultants may be entitled to greater weight than the opinions of treating or examining physicians, *see Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014), there was no error.

Finally, Plaintiff contends that ALJ failed to consider the side effects of her medications in formulating her RFC because the decision does not discuss them. Given that Plaintiff repeatedly denied having side effects from her medication—and that on the one occasion when she did appear sedated, her therapist suggested she was malingering or possibly under the influence—there was no error. R. at 601, 606-07, 612, 614, 618, 713, 726, 746, 754-56, 986-87, 992-93, 1002.

## II. The ALJ did not err in finding the Commissioner sustained his burden at Step Five.

Plaintiff also contends the ALJ erred at Step Five in finding that the Commissioner sustained her burden of identifying other jobs that exist in significant numbers in the national economy that Plaintiff could perform. Plaintiff contends the basis for this finding—the vocational expert's ("VE") testimony—was flawed because the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT"), and the ALJ did not resolve these conflicts. Specifically, Plaintiff argues she could not perform the job of office helper because the DOT does not describe it as "repetitive."

The DOT does contain a data field for whether a job is repetitive, but it only outlines the broad demands of a job, and there must be an apparent conflict between the DOT and the VE's testimony to trigger the ALJ's duty to conduct further questioning. As the Eighth Circuit recently observed, "[W]e have never held that SSR 00-4p places an affirmative responsibility on the ALJ to inquire further when a VE merely testifies to information not included in the DOT, but that does not conflict with it. Absent social security statutes, regulations, or policy rulings to the contrary, we decline to impose an additional duty on ALJs to inquire about the basis of all extra-DOT

5

testimony by the VE." *Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1003 (8th Cir. 2018). Further, a limitation in the RFC to repetitive jobs does not preclude performance of jobs with a reasoning level of 2 or less, which encompasses the job of office helper. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010).

Plaintiff also argues that her limitation to occasional interaction with coworkers and supervisors precludes her from working as an office helper. But the description of office helper in the DOT and its companion publication, the Selected Characteristics of Occupations, shows that in the area of working with people, the requirements are "not significant." DOT 239.567-010. Thus, there was no inconsistency between the DOT and the VE's testimony, and the requirements of SSR 00-4p were not triggered.

Finally, assuming for the sake of argument that Plaintiff could not work as an office helper, she does not contest the ALJ's finding that she could work as either a folding machine operator or mail clerk, which the ALJ also cited at step five, and which the ALJ found constitute 71,000 jobs nationally. R. at 27. Those jobs alone would satisfy the Commissioner's burden at step five, making any error pertaining to the job of office helper harmless. *See Drazic v. Berryhill*, No. 4:17-CV-2217, 2019 WL 1043788, at *9 (E.D. Mo. Mar. 5, 2019) ("As long as a claimant can perform one of the jobs identified by the vocational expert, an ALJ's failure to remedy an alleged conflict with other jobs is harmless.").

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 17, 2020                     /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT